FILED

**NOT FOR PUBLICATION**

MAY 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHABONDY SIMPSON,

        Petitioner - Appellant,

  v.

M. EVANS, Warden,

        Respondent - Appellee.

No. 09-16902

D.C. No. 2:05-cv-0640-JAM-DAD

MEMORANDUM[*]

Appeal from the United States District Court
for Eastern California, Sacramento
John A. Mendez, District Judge, Presiding

Argued and Submitted May 10, 2011
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and MARBLEY, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Because the parties are familiar with the factual and procedural history of this case, we do not recount facts except as necessary to explain the decision. We have jurisdiction under 28 U.S.C. § 2253. We affirm the district court's denial of appellant's petition for habeas corpus.

In his petition, Simpson argues that his habeas petition should be granted because: (1) his right to due process was violated by the introduction of perjured testimony at trial; (2) his Sixth and Fourteenth Amendment rights were violated by the trial court's denial of motion for a new trial; (3) he received ineffective assistance of counsel; (4) the denial of continuances to secure the attendance of defense witness Nineveh Wells violated his due process rights; and (5) the district court's failure to hold an evidentiary hearing also violated his due process rights.

Simpson's final two claims on which he bases his habeas petition were not certified as issues for appeal. Thus, we consider those issues as motions to expand the certificate of appeal. 9th Cir. R. 22-1(e). Simpson fails to show, however, how the facts demonstrate that he suffered a constitutional violation based on either of these counts. Thus, we deny his motion to expand the certificate of appeal on both issues.

Simpson first claims that the state court's introduction of perjured testimony from the victim, Nikia Cole ("Cole"), violated his due process rights. While it is

true that Cole's testimony at trial contradicted statements she made during preliminary hearings and in letters she wrote to the police, these discrepancies were explored during cross-examination. The jury was aware that Cole's testimony had changed over time and could have discounted her credibility during trial. Thus, the state court was not objectively unreasonable in admitting Cole's testimony, which did not violate Simpson's due process rights. *See Jackson v. Brown*, 513 F.3d 1057, 1071–72 (9th Cir. 2008).

Simpson also claims the state court's denial of his new trial motion was a constitutional violation and that the state court's failure to properly consider the newly discovered evidence of Teaya Garcia's ("Garcia") testimony at the motion for new trial hearing was a violation of his due process rights. The record indicates, however, that Garcia testified before the state court judge, and he concluded that her testimony was not credible enough to have caused a different outcome at trial. The state court did not unreasonably apply federal constitutional law as this is the only consideration federal law requires. *See Quigg v.Crist*, 616 F.2d 1107, 1112 (9th Cir. 1980) ("The mere existence of newly-discovered evidence does not constitute grounds for federal habeas corpus relief unless the evidence bears upon the constitutionality of the petitioner's detention.") (citing *Townsend v. Sain*, 372

U.S. 293, 317 (1963)). Thus, Simpson suffered no constitutional violation on this ground.

Finally, Simpson claims he received ineffective assistance of counsel, a violation of his Sixth Amendment rights. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) that such ineffectiveness had an effect on the judgment received. *Strickland v. Washington*, 466 U.S. 668, 88–91 (1984). Simpson has failed to demonstrate, however, that his counsel's assistance was unreasonable. He claims only that his counsel did not base his appeal on the trial court's ruling on the discovery of new testimony from Garcia. The state court judge considered this testimony when denying the new trial motion, so it was not unreasonable for Simpson's counsel to conclude that this was not a sound basis for his appeal. Simpson, therefore, has failed to fulfill the first prong of the *Strickland* test, and his habeas petition also fails on this ground.

Because Simpson has not shown that he has suffered any constitutional violations, we affirm the district court's denial of his petition for writ of habeas corpus.

**AFFIRMED.**